**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-05-00886-002-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Devon Mitchell, | |
| Defendant. | |

Defendant Devon Mitchell is in the custody of the Federal Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3582, he has filed a motion for compassionate release or a sentence reduction due to health concerns from the COVID-19 pandemic. Doc. 353. The motion is fully briefed. Docs. 358-59, 363-65. For reasons stated below, the Court will deny the motion.

**I. Background.**

In March 2008, a jury convicted Defendant of bank robbery (counts two, five, and six), armed bank robbery (count three), and possession of a firearm during a crime of violence (count four). Doc. 233; *see* Doc. 41; 18 U.S.C. §§ 924(c), 2113. On July 10, 2008, Defendant was sentenced to 222 months in prison followed by five years of supervised release. Docs. 277, 278, 316.

Defendant is confined at the federal correctional institution in Phoenix, Arizona ("FCI Phoenix"). *See* Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_

inmate/byname.jsp#inmate_results (last visited June 22, 2021). His projected release date is November 8, 2023. *See id.*; Docs. 353 at 2, 359 at 2.

Defendant asked the warden at FCI Phoenix for compassionate release on December 4, 2020. Doc. 359-1. The request was denied on April 9, 2021. Doc. 353-1. Defendant filed his motion for compassionate release, through appointed counsel, on May 5. Doc. 353. The government filed a response on May 19, and Defendant filed a reply on May 21 and a supplemental reply on June 1. Docs. 359, 364, 365.

## II. Compassionate Release Under § 3582(c) and the First Step Act.

Compassionate release is governed by § 3582(c). *See United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). On December 21, 2018, Congress enacted – and the President signed into law – the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" *Willis*, 382 F. Supp. 3d at 1187 (quoting Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018)).

The FSA amended § 3582(c) to permit motions for compassionate release by defendants. A defendant may bring such a motion 30 days after the warden receives the defendant's administrative request for compassionate release. *See* § 3582(c)(1)(A); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

Specifically, the amended version of § 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

(A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]

### III. Defendant's Motion.

Defendant filed the present motion more than five months after he submitted his administrative request for compassionate release to the warden at FCI Phoenix. The Court therefore has jurisdiction under § 3582(c)(1)(A). *See* Docs. 353 at 7, 359 at 8.

Defendant seeks compassionate release due to the COVID-19 pandemic, his chronic kidney disease and obesity, and the conditions of confinement at FCI Phoenix. Doc. 353 at 8-13. The government argues that Defendant's motion should be denied because he has not shown extraordinary and compelling reasons, he is a danger to the community, and the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of early release. Doc. 359 at 1-2, 8-11. The Court agrees with the government.

#### A. Defendant Has Not Shown Extraordinary and Compelling Reasons.

Section 3582(c) does not define "extraordinary and compelling reasons," and there is no policy statement that applies to § 3582(c)(1)(A) motions filed by defendants. The Sentencing Commission's policy statements in U.S.S.G § 1B1.13 – which apply to § 3582(c)(1)(A) motions filed by the BOP – "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *see United States v. Oshinski*, No. 2:14-cr-00284-GMN-DJA, 2021 WL 2518981, at *1 (D. Nev. June 17, 2021) (same); *see also United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *5 (D.

---

[1] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

3

Ariz. June 8, 2020) ("While the current policy statement may not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance."). The Sentencing Commission has identified four circumstances that may qualify for compassionate release under § 3582(c)(1)(A): serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

Defendant suffers from chronic kidney disease and obesity. *See* Docs. 358, 363.[2] Defendant notes, correctly, that the CDC has found that chronic kidney disease and obesity can make a person more likely to get severely ill from COVID-19. Doc. 353 at 10-11

---

[2] The Centers for Disease Control and Prevention ("CDC") defines "obesity" as a body mass index ("BMI") between 30 and 40. *See* CDC, COVID-19, *People with Certain Medical Conditions (Overweight and Obesity)*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 22, 2021). BMI is a person's weight in kilograms divided by the square of height in meters. *See* CDC, *Healthy Weight, Nutrition, and Physical Activity, Body Mass Index (BMI)*, https://www.cdc.gov/healthyweight/assessing/bmi/ (last visited June 22, 2021). As of September 1, 2020, Defendant had a BMI of 30.7 (75 inches tall at 246 pounds). *See* Docs. 353 at 11, 358 at 4.

(citing CDC, *People with Certain Medical Conditions*). But Defendant has received both doses of the Moderna COVID-19 vaccine – the first on April 6, 2021, and the second on May 6, 2021. *See* Docs. 363 at 4-5, 364 at 2. According to the CDC, "authorized vaccines in the [United States], including the Moderna vaccine, 'are highly effective at protecting vaccinated people against symptomatic and severe COVID-19.'" *United States v. Upshaw*, No. 1:14-CR-00256-NONE, 2021 WL 2417012, at *1 (E.D. Cal. June 14, 2021) (quoting CDC, COVID-19, *Interim Public Health Recommendations for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fullyvaccinated-guidance.html); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials.") (quoting CDC, *Information About the Moderna COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019ncov/vaccines/different-vaccines/Moderna.html). Because Defendant's vaccination mitigates his risk of becoming severely ill from COVID-19, the threat of contracting COVID-19 does not present an extraordinary and compelling reason to grant compassionate release. *See* Doc. 363 at 9-10 (arguing that Defendant has exercised "self-care" against the virus which no longer presents any extraordinary and compelling reason for compassionate release).

Indeed, "[m]any courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions." *United States v. Hayes*, No. 4:17-CR-00289-DCN, 2021 WL 2533517, at *3 (D. Idaho June 21, 2021) (citing *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19.")); *see also United States v. Nash*, No. CR-03-00059-001-PHX-JAT, 2021

WL 1969729, at *1 (D. Ariz. May 6, 2021) (denying compassionate release to a vaccinated defendant even though he was overweight and suffered from chronic kidney disease, heart failure, hypertension, and diabetes); *United States v. Baeza-Vargas*, --- F. Supp. 3d ----, 2021 WL 1250349, at *4 (D. Ariz. Apr. 5, 2021) ("Although Baeza-Vargas's age [and medical conditions] make her more likely to suffer serious complications from COVID-19, the FDA has concluded that the Moderna COVID-19 vaccine is 95% effective at preventing infection and virtually entirely effective in preventing severe disease, including in participants with comorbidities. . . . Under these circumstances, the Court does not find that Baeza-Vargas has shown extraordinary and compelling reasons warrant[ing] a reduction in her sentence.") (citations omitted); *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release."); *United States v. Bongiorni*, No. CR16-109RSL, 2021 WL 2413348, at *4 (W.D. Wash. June 14, 2021) (noting that "[c]ourts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release") (citations omitted).

Defendant contends that the COVID-19 protocols at FCI Phoenix have failed to protect him. Doc. 353 at 12. He notes that FCI Phoenix previously experienced a severe COVID-19 outbreak. *Id.* (citing *United States v. Leahy*, No. 3:16-CR-021-MMD-WGC, 2021 WL 259503, at *3 (D. Nev. Jan. 5, 2021)). He further notes that, as of May 5, 2021, FCI Phoenix had inoculated less than 200 inmates. *Id.* at 12-13.[3] But FCI Phoenix presently reports no active COVID-19 cases among inmates and staff. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/; *Smallbear*, 2021 WL 1381180, at *3 (noting that "[a]s of April 7, 2021, there were zero confirmed active cases among inmates" at FCI Phoenix). And as of June 23, 2021, FCI Phoenix has fully inoculated more than 700

---

[3] FCI Phoenix has a total inmate population of 1,041. *See* Federal BOP, *FCI Phoenix*, https://www.bop.gov/locations/institutions/phx/ (last visited June 23, 2021); *United States v. Smallbear*, No. 1:04-CR-01558 KWR, 2021 WL 1381180, at *3 (D.N.M. Apr. 12, 2021).

6

inmates. *See* Federal BOP, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/; *United States v. Padilla-Barron*, No. CR-09-01355-002-PHX-DJH, 2021 WL 2075738, at *3 (D. Ariz. May 21, 2021) ("[M]any of the Defendant's general concerns related to the spread of COVID-19 within the BOP facilities is tempered by on-going prevention efforts. . . . [R]ecently, the FCI has fully inoculated 470 inmates and 153 staff. Moreover, at the FCI Phoenix, there are no current staff or inmates noted as testing positive for the COVID-19 virus. This further confirms that the Defendant has a low probability of contracting the virus.").

Defendant has not shown that the COVID-19 protocols at FCI Phoenix have failed to protect him from the virus. *See Smallbear*, 2021 WL 1381180, at *3 ("Assuming she has not already received the vaccine, the Court would not find that the risk posed to her by COVID-19 at FCI Phoenix is an extraordinary and compelling reason to reduce her sentence. Moreover, if Defendant has already received the vaccine, the Court finds that any risk posed to her by COVID-19 would not be so extraordinary and compelling as to warrant a reduced sentence."). While Defendant's kidney disease and obesity may increase the risk of severe illness from COVID-19, they do not constitute "extraordinary and compelling reasons" for his early release because he has been fully inoculated against COVID-19. *See United States v. Ransom*, No. CR 10-798-01, 2021 WL 2550992, at *3 (E.D. Pa. June 22, 2021) ("Ransom has been inoculated against COVID-19 with a vaccine proven extremely effective at limiting the COVID-19 infection and all but eliminating the risk of severe disease for those few who contract COVID-19 after being vaccinated. . . . Under these circumstances, the court concludes Ransom's asthma and obesity do not constitute an extraordinary and compelling reason that justifies his release under 18 U.S.C. § 3582(c)(1)(A)(i)."); *United States v. Hite*, No. 3:10-CR-51 JD, 2021 WL 2525767, at *3 (N.D. Ind. June 21, 2021) ("An overwhelming amount of district courts across the country have held that being fully vaccinated drastically reduces the risk of becoming severely ill and therefore denied compassionate release.") (citing cases).

///

### B. Section 3553(a) Factors.

The Court also must consider whether the applicable § 3553(a) factors permit Defendant's early release. § 3582(c)(1)(A); *see United States v. Soza-Soto*, No. 19-CR-684-GPC, 2020 WL 7260663, at *3 (S.D. Cal. Dec. 10, 2020) ("Before determining if release is warranted, the Court must also take into account public safety and the Section 3353(a) sentencing factors.") (citing § 3582(c)(1)(A)(ii) and U.S.S.G. § 1B1.13(2)); *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (the court must "particularly [consider] whether compassionate release would undermine the goals of the original sentence"). The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution[.]" *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Defendant engaged in the very serious criminal conduct of robbing banks and possessing a firearm during a crime of violence. Docs. 41, 233. Defendant also has a lengthy criminal history that includes burglaries, robberies, and armed robbery. *See* Doc. 316 at 20-21; Doc. 359 at 11 (citing Presentence Report ¶¶ 54, 56-57, 66-67). Defendant's rehabilitative efforts while in prison are commendable (*see* Docs. 353 at 13, 365 at 2-3), but releasing him from prison at this time would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his serious offenses, or afford adequate deterrence to criminal conduct. The Court finds that the § 3553(a) factors do not weigh in favor of compassionate release or a sentence reduction. *See Ransom*, 2021 WL 2550992, at *3 (same where the defendant had committed multiple bank robberies); *United States v. Brown*, No. 3:12-CR-207-MOC, 2021 WL 2518220, at *4 (W.D.N.C. June 18, 2021) ("[T]he relevant statutory sentencing factors do not support a sentence reduction. The seriousness of Defendant's offense, a bank robbery, weighs heavily against release. Defendant's criminal history also underscores that the statutory

sentencing factors do not support his request for release. Indeed, Defendant has committed numerous robberies with weapons and threats of violence."); *United States v. Sykes*, 848 F. App'x 319, 320 (9th Cir. 2021) (finding that the district court "properly weighed the § 3553(a) factors . . . and did not abuse its discretion in concluding that the totality of the factors weighed against reduction" where the defendant had committed armed bank robbery); *United States v. Dupree*, --- F. App'x ----, 2021 WL 2026671, at *2 (3d Cir. May 21, 2021) (affirming denial of compassionate release and finding no abuse of discretion in the district court's assessment of the § 3553(a) factors where the defendant had committed armed bank robbery).

### C. Danger to the Community.

Defendant also has failed to show that he no longer is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); *see United States v. Quan*, No. CR19-0148-JCC, 2021 WL 615402, at *2 (W.D. Wash. Feb. 17, 2021) ("Even if the policy statement is not binding, the Court may consider it in the exercise of its discretion. The policy statement recommends that courts not reduce sentences of individuals who would present a danger to the community upon release, USSG § 1B1.13(2), and the Court finds that to be an appropriate consideration.") (citation omitted). As noted, Defendant has a history of committing violent crimes. He also has incurred eight disciplinary infractions while incarcerated, two of which involved violent conduct. *See* Doc. 353 at 15. The Court cannot conclude on the present record that Defendant no longer poses a danger to the community. *See United States v. Arceneaux*, 830 F. App'x 859, 859 (9th Cir. 2020) ("[T]he district court did not abuse its discretion by denying Arceneaux's motion. The court considered the nature and circumstances of the armed robberies for which Arceneaux was convicted and his lengthy criminal history, and reasonably concluded that a reduced sentence was not appropriate in light of the danger Arceneaux posed to the community.") (citing § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(2)); *see Sykes*, 848 F. App'x at 320 ("The district court did not abuse its discretion in concluding that Sykes posed a danger to the community in light of the seriousness of his armed bank robbery offense[.]"); *Brown*, 2021

WL 2518220, at *4 ("Compassionate release is also not appropriate because Defendant presents a danger to the safety of others and the community[.]").

IV. **Conclusion.**

Defendant has not shown extraordinary and compelling reasons for compassionate release or a sentence reduction. He also has failed to show that he no longer is a danger to the community. His motion will be denied.[4]

**IT IS ORDERED** that Defendant's motion for compassionate release or sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) (Doc. 353) is **denied**.

Dated this 28th day of June, 2021.

David G. Campbell
Senior United States District Judge

---

[4] Defendant's alternative request that the Court order him to serve the remainder of his sentence on home confinement (Doc. 364 at 4) is denied because the "[BOP] has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Gago*, No. 1:16-cr-00123-DAD-BAM-3, 2021 WL 2550864, at *8 n.8 (E.D. Cal. June 22, 2021) (citation omitted); *see also United States v. Becerra*, No. 1:18-CR-00080-DAD-BAM, 2021 WL 535432, at *9 (E.D. Cal. Feb. 12, 2021) ("[T]he CARES Act authorizes the BOP – not courts – to expand the use of home confinement under 18 U.S.C. § 3624(c)(2).") (citations and quotation marks omitted).

10